

# THE ATTORNEY GENERAL
# OF TEXAS

AUSTIN 11, TEXAS

GERALD C. MANN
~~WILL WILSON~~
ATTORNEY GENERAL

Board of Insurance Commissioners
Austin, Texas

Gentlemen:                          Attention:  Mr. D. B. Barrow

                                    Opinion No. 0-2543
                                    Re:  Certain claims of the Examina-
                                         tion Division under the facts
                                         set forth.

        Your recent request for an opinion of this Department
on the questions as are herein stated has been received.

        We quote from your letter as follows:

        "In connection with the operation of the
Liquidating Division of this Department, which
Division was created by the Forty-sixth Legis-
lature, we wish to submit the following ques-
tion for your ruling:

        "A number of mutual assessment associations
operating under the provisions of Article 4859f
as statewide associations, or Article 4875a as
local mutual aid associations, or Article 4784
to 4799 as life, health, and accident associa-
tions, have been placed in the hands of the Liq-
uidator following examinations by our Examining
Division.  In nearly all cases the associations
were insolvent and the bills for the examina-
tions remain unpaid at the time the associations
are declared insolvent and placed in charge of
the Liquidator.  In nearly all such cases the
only funds recovered by the Liquidator are Mor-
tuary Funds and ordinarily their use is confined
to the payment of claims or claim expenses.  Does
the Liquidator have legal authority to use such
Mortuary Funds in the payment of examination
bills referred to or may the claim of the Ex-
amination Division for the amount of unpaid
bills be considered as of equal standing with
claims under policies issued by the insolvent
associations?"

Article 5068-1, Vernon's Annotated Civil Statutes, is a statute which applies to and embraces all insurance companies and associations, whether incorporated or not, which issues policies or certificates of insurance on the lives of persons, or provide health and accident benefits, upon the so-called mutual assessment plan, or whose funds are derived from the assessment upon its policyholders or members, and in fact, applies to all life, health and accident companies, associations, which do not come within the provisions of Chapters 3, 5, 7, 8, 9, 18, 19 and 20, Title 78 of the Revised Civil Statutes of Texas. The act includes local mutual aid associations; Statewide life; or life, health and accident associations; mutual assessment life, health, accident associations; burial associations; and similar concerns, by whatsoever name or class designated, whether specifically named in statute or not. The companies mentioned in your inquiry are operating either under Chapter 8a, Chapter 9a, or Chapter 6, Title 78, Vernon's Annotated Civil Statutes, and Article 5068-1, supra, is applicable to such companies.

Section 12 of Article 5068-1, supra, provides in part as follows:

"Assessments when collected shall be divided into at least two (2) funds. One (1) of these shall be the mortuary or relief fund, by whatever name it may be called in the different associations, from which claims under certificates shall be paid, and to a limited extent the cost of defending contested claims, and nothing else; and the other funds shall be the expense funds from which expenses may be paid. At least sixty (60%) per cent of assessments collected, except the membership fee, must be placed in the mortuary or relief fund. . .

"Such association shall provide in its by-laws for the portion of its assessments to be allotted to the mortuary or relief fund and may provide for the payment out of said mortuary or relief fund of attorneys' fees and necessary expenses arising out of the defense, settlement, or payment of contested claims. Any such payments out of the mortuary or relief fund for other than claims shall be subject to approval of the Board of Insurance Commissioners.

"A separate record shall be kept of the mortuary or relief funds of each group, club, or class, and the mortuary or relief funds of one

group, club, or class shall not be used to pay
the claims or obligations of any other group,
club, or class."

Section 19 of Article 5068-1, supra, reads as follows:

"If, upon an examination or at any other
time, it appears to the Board of Insurance Com-
missioners that such association be insolvent,
or its condition be, in the opinion of the
Board, such as to render the continuance of
its business hazardous to the public, or to
holders of its certificates, or if such associa-
tion appears to have exceeded its powers or
failed to comply with the law, then the Board
shall notify the association of its determina-
tion and said association shall have thirty
(30) days under the supervision of the Board
within which to comply with the requirements
of the Board; and in the event of its failure
to so comply within such time, the Board, act-
ing for itself, or through a conservator ap-
pointed by the Life Insurance Commissioner for
that purpose, shall immediately take charge of
such association, and all of the property and
effects thereof.  If the Board is satisfied
that such association can best serve its policy-
holders and the public through its continued
operation by the conservator under the direction
of said Board, pending the election of new Di-
rectors and officers by the membership in such
manner as the Board may determine, the same
shall be done.  If the Board, however, is satis-
fied that such association is not in condition
to satisfactorily continue business in the
interest of its policyholders under the conser-
vator as above provided, the Board shall pro-
ceed to reinsure the outstanding liabilities
in some solvent association or company, author-
ized to transact business in this State, or the
Board shall proceed through such conservator,
to liquidate such association, or the Board may
give notice to the Attorney General as provided
under the general laws relating to insurance
corporations.  It shall be in the discretion of
the Board to determine whether or not it will
operate the association through a conservator,
as provided above, or proceed to liquidate the
association, as herein provided, or report it
to the Attorney General.  When the liabilities

of an association are reinsured or liquidated, as herein provided, the Board shall report the same to the Attorney General, who shall take such action as may be necessary to effect the forfeiture or cancellation of the charter of the association so reinsured or liquidated. Where the Board lends its approval to the merger, transfer or consolidation of the membership of one association with that of another, the same shall be reported to the Attorney General who shall proceed to effect the forfeiture or cancellation of the charter of the association from which the membership was merged, transferred or consolidated, in the same manner as is provided for the charters of associations reinsured or liquidated. No merger or transfer shall be approved unless the association assuming the members transferred or merged is operating under the supervision of the Board of Insurance Commissioners. The cost incident to the conservator's services shall be fixed and determined by the Board and shall be a charge against the assets and funds of the association to be allowed and paid as the Board may determine."

In some instances where the Board has proceeded to liquidate an association or corporation, etc., as above mentioned the liquidatior has been appointed receiver of such by the court. In general, with reference to the application of funds by receiver, Article 2299, Vernon's Annotated Civil Statutes enumerates and classifies certain liabilities, which, except for court costs, accrued during the pendency of the receivership, and prescribes the order in which they shall be paid. It applies to earnings of the property during the receivership, and gives a lien or a preference thereon, in favor of the classes of claims mentioned. But the statute gives no lien upon the corpus of the property. In the application of earnings, it seems that they will be apportioned equally and equitably among claims of a given class; however, one of the claimants may have sued out an attachment, or attempted to acquire a lien upon the property in receivership, so as to have a right superior to other creditors. Thus it has been decided that when a secured creditor is entitled to participate in earnings, he will share equally with unsecured creditors of the same class. See Texas Jurisprudence, Vol. 36, Page 234, and cases cited thereunder.

Claims that do not fall within any of the statutory classes will be adjusted and given such preference or priority as the court deems equitable in the circumstances. We believe

that when any association or corporation, etc., as above mentioned, is liquidated, the liquidator or receiver would be governed by the same principles of law, with reference to the order in which the various claims shall be paid. Before any association or corporation, etc., is liquidated it is clear that the mortuary fund cannot be expended for any purposes other than those specifically set out in the statute. However, during the process of liquidation the various claims are to be paid in the order prescribed by statute.

In view of the foregoing authorities you are respectfully advised that it is the opinion of this Department that the liquidator does not have the legal authority to use the mortuary funds of the insolvent associations or corporations above mentioned in the payment of examination bills referred to in your inquiry prior to adjustment of claims under policies issued by such associations or corporations. Neither do we think that there is any authority which would sustain the proposition that the unpaid bills of the Examination Division could be considered as of equal standing with claims under policies issued by the insolvent associations or corporations. In other words, we believe that the claims under the policies issued by the insolvent associations or corporations would be prior to the claims of the examination division for services rendered prior to the liquidation of such associations or corporations.

Trusting that the foregoing fully answers your inquiry, we are

Yours very truly

ATTORNEY GENERAL OF TEXAS

By s/Ardell Williams
Ardell Williams
Assistant

AW:ew:wc

APPROVED AUG 19, 1940
s/Grover Sellers
FIRST ASSISTANT
ATTORNEY GENERAL

Approved Opinion Committee by REK Chairman